UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DAVID FROHWERK,               )
                              )
            Plaintiff,        )
                              )     CAUSE NO. 2:11-CV-133 RM
      vs.                     )
                              )
BOBBY JOHNSON, *et al.*,      )
                              )
            Defendants.       )

OPINION AND ORDER

David Frohwerk, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 8.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. The court must bear in mind, however, "that [a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Frohwerk alleges that he was denied due process in connection with a prison disciplinary proceeding which resulted in him being placed in short-term segregation.[1] (DE 8 at 3-4.) The Fourteenth Amendment Due Process Clause doesn't protect against every change in the conditions of confinement having an adverse impact on a prisoner. Sandin v. Conner, 515 U.S. 472, 484 (1995). Instead, a prisoner is entitled to due process protections only when the conditions imposed work an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Id. Temporary placement in the segregation unit doesn't present an atypical, significant deprivation and is "within the expected parameters of the sentence imposed by a court of law." Id. at 485.

Accordingly, under Sandin, Mr. Frohwerk wasn't entitled to due process protections before being placed in short-term segregation. Furthermore, Mr. Frohwerk's chief complaint appears to be that the evidence was insufficient to find him guilty of an A-level offense; however, the documents he submits shows that the charge against him was reduced to a C-level offense as a result of his administrative appeal. (DE 8-1 at 26.) For these reasons, Mr. Frohwerk has not stated a plausible due process claim. To the extent he is also claiming that the disciplinary sanction caused him reputational injury within the prison (DE 8 at 8), this states no plausible constitutional claim. Paul v. Davis, 424 U.S. 693, 712 (1976) (claims for slander or defamation are not actionable as a constitutional tort).

---

[1]  Mr. Frohwerk filed a habeas petition under 28 U.S.C. § 2254 challenging the disciplinary sanction. Because he did not lose any earned time credits, the court concluded that a habeas petition wasn't the appropriate vehicle for him to raise his claims. *See* Frohwerk v. Superintendent, No. 2:11-CV-157 (N.D. Ind. order dated May 12, 2011).

Mr. Frohwerk also complains about the conditions of confinement under which he was housed in the segregation unit: he was subjected to extreme cold and not given adequate blankets. (DE 8 at 3.) He already has another case pending in which he raises those same allegations. *See* Frohwerk v. Buss, 2:11-CV-070 (N.D. Ind. filed Feb. 23, 2011). It is malicious for Mr. Frohwerk to file multiple suits based on the same set of facts.[2] *See* 28 U.S.C. § 1915A; *see also* Lindell v. McCallum, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of 28 U.S.C. § 1915A if it is intended to harass or is otherwise abusive of the judicial process); Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993) (it is malicious for a plaintiff with *in forma pauperis* status to file a lawsuit that duplicates allegations of another pending lawsuit brought by the same plaintiff). Mr. Frohwerk can't proceed with those claims in this lawsuit.

For the foregoing reasons, the court DISMISSES the amended complaint (DE 8) pursuant to 28 U.S.C. § 1915A.

SO ORDERED

_____

[2] In fact, Mr. Frohwerk raised these same allegations in another lawsuit which was dismissed as malicious in June 2011. *See* Frohwerk v. Levenhagen, No. 2:11-CV-201 (N.D. Ind. order dated June 20, 2011). In the past several months Mr. Frohwerk has initiated multiple lawsuits in addition to the cases noted above; many of these cases have defendants in common and contain overlapping allegations about his detention in the segregation unit. *See* Frohwerk v. Superintendent, No. 2:11-CV-257 (N.D. Ind. filed July 18, 2011); Frohwerk v. Carpenter, No. 2:11-CV-222 (N.D. Ind. filed June 24, 2011); Frohwerk v. Lemmon, No. 2:11-CV-221 (N.D. Ind. filed June 24, 2011); Frohwerk v. Bean, No. 2:11-CV-209 (N.D. Ind. filed June 17, 2011); Frohwerk v. Unknown Officials, No. 2:11-CV-210 (N.D. Ind. filed June 17, 2011); Frohwerk v. Armstrong, No. 2:11-CV-202 (N.D. Ind. filed June 13, 2011); Frohwerk v. Unknown Employees, No. 2:11-CV-201 (N.D. Ind. filed June 13, 2011); Frohwerk v. Corr. Med. Servs., No. 2:11-CV-200 (N.D. Ind. filed June 13, 2011); Frohwerk v. Carter, No. 2:11-CV-199 (N.D. Ind. filed June 13, 2011); Frohwerk v. Levenhagen, No. 2:11-CV-157 (N.D. Ind. filed May 2, 2011); Frohwerk v. Buss, No. 2:11-CV-69 (N.D. Ind. filed Feb. 22, 2011).

ENTERED: September  21 , 2011.           /s/ Robert L. Miller, Jr.   
                                        Judge
                                        United States District Court

cc: D. Frohwerk